UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYON L. REDDICK,

       Petitioner,

v.                             Case No.: 2:26-cv-00071-SPC-NPM

WARDEN, LEE COUNTY JAIL
CORE FACILITY,

       Respondent,
_____/

**OPINION AND ORDER**

Before the Court is Bryon L. Reddick's petition for writ of habeas corpus. (Doc. 1). Reddick is a pretrial detainee held in Lee County Jail pending state charges in Lee County Circuit Court Case No. 25-CF-017015. Reddick complains about several aspects of his arrest, the pre-trial proceedings, and the conditions of his confinement.

Reddick is not entitled to relief under 28 U.S.C. § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Also, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971)

(stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Reddick provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1] Finally, Reddick's claims challenging the conditions of his confinement are not grounds for habeas relief. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015).

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Reddick is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial

---

[1] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid.*

of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, Reddick must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36.  Reddick has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Bryon L. Reddick's petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

3. Reddick is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on January 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:    FTMP-1
Copies:  All Parties of Record